COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Fulton and Ortiz

DANIEL NORBERT HALTER

MEMORANDUM OPINION[*]
v.      Record No. 0893-21-3                                    PER CURIAM
                                                              SEPTEMBER 27, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(John M. Bodenhamer; Big Valley Law, PLLC, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

Daniel Norbert Halter appeals the trial court's judgment revoking his previously

suspended sentences and imposing an active sentence of five years' incarceration.  He argues

that the trial court abused its discretion in crafting his sentence.  Both parties waived oral

argument.  Code § 17.1-403(ii).  Because the trial court did not abuse its discretion in weighing the

relevant factors, we affirm the trial court's judgment.

BACKGROUND

In October 2015, upon his guilty pleas, the trial court convicted Halter of grand larceny

and two counts of breaking and entering.  The trial court sentenced Halter to a total of

twenty-five years' incarceration with twenty-four years suspended.  Less than two months after

his release in 2016, his probation officer reported that Halter had tested positive for cocaine on

the day of his release.  Halter repeatedly tested positive for cocaine, marijuana, and opiates while

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

on probation and later absconded from supervision. In April 2017, the trial court revoked Halter's suspended sentences and re-suspended twenty-two years, imposing an active sentence of two years. The trial court also ordered Halter to successfully complete the Gemeinschaft Home Program upon his release.

Within weeks of his release from incarceration in 2018, Halter was terminated from the Gemeinschaft program because he obtained a prescription for narcotics in violation of the program's staff directive that he not receive narcotics. After a second revocation hearing, the trial court revoked and re-suspended the entire remaining twenty-two years of Halter's sentence. The trial court also ordered Halter to complete the Life Recovery Program and comply with any counseling recommended by his probation officer, among other terms and conditions.

Halter continued to use illegal substances. After his second revocation hearing, Halter tested positive for drugs multiple times. He also failed to respond to phone calls from his probation officer, and in December 2019, he was charged with selling a Schedule I or II drug and driving with a revoked license. He later pleaded guilty to a lesser misdemeanor charge of making a false report to a police officer. The trial court granted the Commonwealth's motion for a capias on January 14, 2020.

At his third revocation hearing on August 3, 2021, Halter admitted that he had violated the terms of his probation. Halter also testified that he had been abused as a child and lived in numerous foster homes, and related that his criminal history resulted from his drug addiction. Halter stated that he had changed during his recent incarceration, had become actively involved with religion, and worked with others trying to design programs to reduce recidivism.

The trial court noted Halter's extensive criminal history and emphasized that this was Halter's third revocation hearing, which the court found "speaks volumes." The trial court also stressed that after Halter was released, he quickly violated his probation and noted that the court

"can't overlook that." The trial court specifically recognized the "strides" Halter recently had made while incarcerated and stated that but for the progress Halter had shown, it would have considered "a full revocation in your case." The trial court explained that it was departing upward from the discretionary guidelines recommendation of three months to one year because of Halter's lengthy criminal history and repeated probation violations, as well as the fact that intervention programs had been tried previously. Halter appeals.

ANALYSIS

Halter argues that the trial court abused its discretion by sentencing him to five years' incarceration. "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when the probation violations occurred and when this revocation proceeding began, once the trial court found that he had violated the terms of the suspension, it must revoke the suspended sentence and restore the original sentence in "full force and effect." Code

§ 19.2-306(C)(ii) (Cum. Supp. 2020).[1]  The trial court was then permitted—but not required—to re-suspend all or part of the sentence.  *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

Halter does not contend that the trial court lacked sufficient cause to revoke his suspended sentences; indeed, he admitted at his revocation hearing that he had violated the terms of the suspended sentences.  Rather, Halter argues only that the trial court should have given more weight to his mitigation evidence, including the "numerous steps" he had taken, "while incarcerated, to improve his life" and the abuse and neglect he had suffered as a child.

However, it is "within the trial court's purview to weigh any mitigating factors presented by the defendant" at a probation revocation hearing.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).  In imposing an active sentence of five years for violations that could "otherwise have [led to] a full revocation," the trial court explicitly considered the "strides" Halter had made during incarceration as a mitigating factor.  Balanced against Halter's mitigating evidence were significant aggravating factors.  The trial court emphasized Halter's extensive criminal history, multiple probation violations, and failure to rehabilitate through intervention programs.  Furthermore, the record demonstrates that Halter had suffered a new criminal conviction during the suspension period.  The trial court balanced the aggravating and mitigating factors and determined that an active sentence of five years was appropriate.

---

[1] Although Code § 19.2-306(C) was amended effective July 1, 2021, Halter does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply where, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment.  *See Green v. Commonwealth*, 75 Va. App. 69, 84 n.4 (2022).  Moreover, even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period.  *See* 2021 Va. Acts Sp. Sess. I, ch. 538; Code § 19.2-306.1(B).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Halter's repeated disregard of the terms of his suspended sentence supports a finding that he was not rehabilitated. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Halter failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period.

Accordingly, we hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion. *See Alsberry*, 39 Va. App. at 321-22 (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

### CONCLUSION

For these reasons, the trial court's decision is affirmed.

*Affirmed*.